UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| PAUL M. NGOBENI<br>  Plaintiff<br>vs.<br><br>CHRISTOPHER M. BROWN; Individually<br>And In His Official Capacity;<br>OFFICER TETREAULT; Individually And In His<br>Official Capacity; PAULA C. MEARA<br>Individually And In Her Official Capacity<br>as Police Chief; MARCUS LAWRENCE,<br>Individually And In His Official Capacity;<br>M. DUMAS; Individually And In His Official<br>Capacity; HAMILTON WRAY; Individually<br>And In His Official Capacity;<br>THOMAS HERVIEUX; Individually And In<br>His Official Capacity; KENNETH MURRAY<br>Individually And In His Official Capacity | ) CIVIL ACTION NO.<br>) **04-30167-MAP**<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) AUGUST 26, 2004<br>) |

**COMPLAINT**

FILING FEE PAID:
RECEIPT # 305711
AMOUNT $ 150.00
BY DPTY CLK ____
DATE 8/30/04

**I. PRELIMINARY STATEMENT**

1.   1.  This is an action for money damages to redress the deprivation by the defendants of civil rights secured to the plaintiffs by the laws of the United States and the State of Connecticut. The defendants unlawfully searched and seized plaintiff, without a warrant and without probable cause, sadistically and maliciously used excessive force to effect the arrest of the plaintiff. Defendants conspired to and did unlawfully steal property from the plaintiff and permanently deprived plaintiff of his property without goood cause or due process hearing of any kind. Further, defendants maliciously conspired to and caused false and unwarranted criminal proceedings to be brought and to be brought and to be continued against plaintiff and the said criminal proceedings were terminated in favor of the plaintiff. The plaintiff suffered injury or damage as a proximate result of the unlawful search and seizure, theft and deprivation of his property and as a result of the criminal charges brought against him. Defendants' actions caused plaintiff serious emotional distress, embarrassment and humiliation.

2.   2.  The defendants' action in arresting plaintiff were motivated by plaintiff's engaging in activity

protected by the First Amendment to the United States Constitution. Further, defendants' actions were motivated by and were based in part on plaintiff's race and national origin. All of the defendants named herein have engaged in a pattern and practice of harassing racial minorities, subjecting the said persons to excessive scrutiny and monitoring their movements in the City of Springfield.

3.   3. By falsely arresting plaintiff and by falsely, maliciously accusing her of committing crimes simply because of her engaging in innocuous protest activities and protesting defendants unlawful activities, the defendants violated the plaintiffs rights to be free from unreasonable search and seizure under the Fourth Amendment and his right to freedom of speech protected under the First Amendment.

## II. JURISDICTION

4. Jurisdiction of this court is invoked under the provisions of 28 U.S.C. Sections 1331, 1343(3) and 1367(a) and 42 U.S.C. Sections 1983 and 1988. The Court has diversity jurisdiction and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. Sect. 1367.

## I. III. PARTIES

1.   5. During all times mentioned in this complaint, the plaintiff, Paul M. Ngobeni was and is an adult black male resident of the United States residing in East hartford, Connecticut. The plaintiff was at all times stated herein a licensed attorney, he enjoyed good reputation among his peers and had no prior criminal record.

2.   6. During all times mentioned in this Complaint, the defendant Christopher M. Brown was a duly appointed officer in the Commonwealth of Massachusetts department of State Police and was acting in such capacity as an agent, servant and employee of the Commonwealth of Massachusetts Department of State Police. Brown was acting under the direction and control of the Commonwealth of Massachusetts department of State Police, and was acting pursuant to either official policy, or the custom, practice and usage of the Commonwealth of Massachusetts department of State Police. He is sued individually and

2

in his official capacity.

3.  7. During all times mentioned in this Complaint, the defendant trooper R. Tetreault was a duly appointed officer in the Commonwealth of Massachusetts department of State Police and was acting in such capacity as an agent, servant and employee of the Commonwealth of Massachusetts Department of State Police. Tetreault was acting under the direction and control of the Commonwealth of Massachusetts department of State Police, and was acting pursuant to either official policy, or the custom, practice and usage of the Commonwealth of Massachusetts department of State Police. He is sued individually and in his official capacity.

4.  8. Defendant, Paula MEARA is the Police Chief for the City of Springfiled. During all times mentioned in this Complaint, the defendant Meara was a duly appointed Chief of Police in the police department of the City of Springfield, Massachussetts, and was acting in such capacity as an agent, servant and employee of the City of Springfield and its police department, and was acting under the direction and control of the City of Springfield and its police department, and was acting pursuant to either official policy, or the custom, practice and usage of the City of Springfield and its police department. She is sued individually and in her official capacity.

5.  9. During all times mentioned in this Complaint, the defendant Marcus Lawrence was a duly appointed officer in the police department of the City of Springfiled, and was acting in such capacity as an agent, servant and employee of the City of Springfiled and its police department. Lawrence was acting under the direction and control of the City of Springfiled and its police department, and was acting pursuant to either official policy, or the custom, practice and usage of the City of Springfiled and its police department. He is sued individually and in his official capacity.

6.  10. During all times mentioned in this Complaint, the defendant M. Dumas was a duly appointed officer in the police department of the City of Springfiled, and was acting in such capacity as an agent,

3

servant and employee of the City of Springfiled and its police department. Dumas was acting under the direction and control of the City of Springfiled and its police department, and was acting pursuant to either official policy, or the custom, practice and usage of the City of Springfiled and its police department. He is sued individually and in his official capacity.

7. 11. During all times mentioned in this Complaint, the defendant Hamilton Wray was a duly appointed officer in the police department of the City of Springfiled, and was acting in such capacity as an agent, servant and employee of the City of Springfiled and its police department. Wray was acting under the direction and control of the City of Springfiled and its police department, and was acting pursuant to either official policy, or the custom, practice and usage of the City of Springfiled and its police department. He is sued individually and in his official capacity.

8. 12. During all times mentioned in this Complaint, the defendant Thomas Hervieux was a duly appointed officer in the police department of the City of Springfiled, and was acting in such capacity as an agent, servant and employee of the City of Springfiled and its police department. Hervieux was acting under the direction and control of the City of Springfiled and its police department, and was acting pursuant to either official policy, or the custom, practice and usage of the City of Springfiled and its police department. He is sued individually and in his official capacity.

9. 13. During all times mentioned in this Complaint, the defendant Kenneth Murray was a duly appointed officer in the police department of the City of Springfiled, and was acting in such capacity as an agent, servant and employee of the City of Springfiled and its police department. Murray was acting under the direction and control of the City of Springfiled and its police department, and was acting pursuant to either official policy, or the custom, practice and usage of the City of Springfiled and its police department. He is sued individually and in his official capacity.

4

I.    IV.    **FACTS**

1. 14.    Plaintiff was at all times a citizen of the Republic of South Africa and a resident of the State of Connecticut.

2. 15. On or about August 28, 2001 at approximately 11:00 p.m. plaintiff was traveling on East Columbus Avenue in the City of Springfield. As the plaintiff's vehicle was traveling north on East Columbus, Christopher Brown activated his cruiser blue light to stop plaintiff's vehicle. Plaintiff immediately stopped his vehicle at the corner of East Columbus Avenue and Wilcox street.

3. 16. Plainriff promptly complied with Brown's request for driver's license and registration information which enabled brown to check for warrants and criminal history checks. Brown, deliberately detained the plaintiff and held on to his driver's license and registratiuon p[apers and refused to let plaintiff go even after Brown obtained verification that plaintiff had no outstanding warrants or pending criminal charges that would justiify his continued detention. Brown returned to plaintiff's vehicle and continued to berate plaintiff in a vulgar language of being a "foreigner", threatened to arrest plaintiff and summoned the other defendants to the scene of the vehicle stop. The other defendants immemdiately joimned in qand participated in the abusive actions initiated by Brown.

4. 17. The defendants forced plaintiff out of his vehicle and then proceeded to search through his papers and personal effects. Brown and Lawrence rummaged through plaintiff's bag and search through his passport and took more than $336.00 of plaintiff's money that was kept with the plaintiff's passport and important documents. Lawrence, Brown, Hervieux, Wray and Dumas continued to verbally abuse plaintiff and made express references to his foreign nationality and threatened him with arrest. Plaintiff was ordered at gunpoint to stand at the back of his vehicle and to place his hands on vehicle and plaintiff complied.

5. While plaintiff was standing with his hands on the vehicle as ordered, Lawrence forcefully stepped on

5

plaintiff's foot and forcefully elbowed plaintiff to his ribs. In an effort to cover up the racially motivated stop and unlawful search of the plaintiff's vehicle, the defendants told plaintiff that he was under arrest for "assaulting" Lawrence and immediately placed him under arrest. The defendants claim of asssault on a police officer were bogus and defendants knew there was no basis to them.

6. 18. Without further explanation, Plaintiff was pushed, shoved, handcuffed and frisked for weapons. Plaintiff was never shown an arrest warrant and was never read his Miranda rights.

7. 19. From his initial contact with the police, plaintiff protested the unlawful stop and his arrest and repeatedly proclaimed her innocence. At no time did plaintiff attempt to resist the search, assault and arrest by defendants police officers, or offer violence or threaten any of the officers on the scene. Plaintiff committed no crime and the officers present on the scene knew that plaintiff had committed no crime. Defendants police officers arrested plaintiff in retaliation for his exercising his rights of free speech.

8. 20. The defendants thereupon prepared a false police report, which they knew and intended would be forwarded to a prosecuting attorney and relied upon by the prosecuting attorney in deciding whether to prosecute the plaintiff and, if so, the manner in which the plaintiff's prosecution should be handled. In preparing the said report, the defendants acted maliciously and willfully and falsified evidence, particularly through the deliberate misrepresentation of the plaintiff's actions on the day of the arrest. As a direct and proximate result of the acts and omissions of the defendants herein described, the plaintiff was required to appear in the Trial Court of Massachiusetts on several occasions as an accused criminal, was required to spend time and money to defend himself against the said false charges, was caused to suffer great physical pain and agony and to undergo medical care and treatment to his economic loss, suffered bodily injuries and fear, lost for a time the ability to enjoy life in the manner customary for him, was caused great mental and emotional pain and anguish and suffering, and has been chilled in her

6

exercise of her rights to freedom of speech and to petition for the redress of grievances under the First and Fourteenth Amendments to the United States Constitution, and in addition has suffered the loss of all the constitutional rights described herein.

9. 21. On or about October 22, 2003, all of the said criminal charges were dismissed by a judge of the District Court.

10. 22. At all times mentioned in this Complaint, the defendants named in this lawsuit acted jointly and in concert with each other. Each defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendant, but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries.

11. 23. At all times mentioned in this Complaint, the defendant **O'Meara** knowingly approved a pattern of improper police conduct consisting of acts of racial profiling, false arrest, violation of free speech, intimidation, and humiliation of citizens. The Citry of Spriingfield, and its Chief of Police have knowingly established a policy or custom of police misconduct. They are aware of overwhelming evidence of several prior incidents of police misconduct. Springfield has failed to train, supervise, and discipline its police officers as required by law. In fact, while the Citry of Spriingfield police department and its chief of police are aware of prior complaints of unlawful police harassment, violation of free speech rights and harassment of citizens who are racial minorities and/or those associating with racial minorities, they continue to assert that the department's supervision is satisfactory and that the officers are doing a good job. Reports of police civil rights violations are routinely trivialized, often ignored and the victims are vilified in the newspapers and mass media as the culprits.

12. 24. In the manner described herein, the defendants acted with reckless disregard of the plaintiff's constitutional rights.

13. 25. In the manner described herein, the defendants deprived the plaintiff of his rights to freedom of

speech, freedom to petition for redress of grievances, freedom from unreasonable arrest, search and seizure, freedom from warrantless arrest, freedom from arrest without probable cause, freedom from excessive or unreasonable bail bond, freedom from the use of unreasonable force by police officers, freedom from malicious prosecution, and due process of law. All of these rights are secured to the plaintiff by the provisions of the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and by Title 42 U.S.C. Section 1983 and 1988.

14. 26. By reason of the acts of the defendants complained of herein, plaintiff has suffered loss of her civil rights, obloquy and humiliation, mental anguish and emotional distress.

15. 27. Plaintiff has no adequate remedy at law and, unless this Court grants the preliminary injunctive relief and other relief requested herein, he will suffer irreparably.

## V. CLAIMS FOR RELIEF

### First Claim for Relief - First Amendment (Against All Named Defendants)

1. 28. Paragraphs 1- 27 are incorporated by reference.

2. 29. The defendants have deprived the plaintiff of his rights to freedom of speech by retaliating against him for criticizing unlawful search and detention by police officers.

3. 30. Plaintiff is a citizen who has a right pursuant to the First Amendment to the United States Constitution to speak freely about his views of police misconduct. Defendant's actions were an attempt to inhibit or retaliate against the Plaintiff's speech.

4. 31. The violations by the defendants have been knowing and intentional, and they knew or should have known of the injuries to the plaintiff, or they acted with reckless disregard for injuries that would be inflicted upon the plaintiff.

5. 32. The plaintiff has suffered compensable loss as a result of the violations of the defendants, including loss of civil rights, economic losses, mental anguish and emotional distress.

**Second Claim For Relief- False Arrest And Imprisonment (Against All Named Defendants).**

1. 33. Paragraphs 1- 32 are incorporated by reference.

2. 34. The conduct of defendants acting individually and together with other named defendants, resulted in plaintiff being falsely, maliciously and unlawfully arrested and detained. Plaintiff was deprived of his rights to freedom from unreasonable arrest, search and seizure, freedom from warrantless arrest, and freedom from arrest without probable cause, as secured by the Fourth and Fourteenth Amendment of the United States Constitution and 42 U.S.C. Sect.1983.

**Third Claim For Relief- Malicious Prosecution (Against All Named Defendants)**

1. 35. Paragraphs 1-46 are incorporated by reference.

2. 36. Defendants, acting individually and in concert, caused the criminal charges stated herein to issue against the plaintiffs and assisted in the prosecution of said charges.

3. 37. Defendants, and each of them were motivated in the pursuit of criminal charges against the plaintiffs not by a belief that the charges had any factual or legal merit or that probable cause for their issuance existed, but for improper, illegal, and unconstitutional purposes, to-wit: Defendants sought to punish plaintiffs for exercising legally and constitutionally protected rights to protest the violations of his civil rights.

4. 38. Defendants falsified their police reports and lied to the prosecuting authorities in an attempt to continue baseless charges against the plaintiff.

5. 39. The conduct of defendants as afore-described violated plaintiff's right to be free from unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

**Fourth Claim for Relief – 42 USC, Section 1983**

40. Paragraphs 1 – 39 are incorporated by reference.

9

41. That the Plaintiff's stop, detention and arrest was without probable cause and in violation of his civil rights under the United States Constitution and the Massachusetts Constitution.

42. That the theft of the plaintiff's money by the police officers and the towing of his vehicle resulted in deprivation of his property without due process. That the defendants' actions constitute a willful and knowing violation and depravation of a right secured by the Constitution of the United States in violation of 42 USC, Section 1983, specifically, the right to be free from excessive and unreasonable police action; the deprivation of liberty without due process of law; the right to be secure against unreasonable searches and seizures; and, the right to equal protection of the laws. Defendants were deliberately indifferent or tacitly authorized the unconstitutional acts by a failure to take remedial steps following notice of the acts. As a direct result of the defendants' violations, plaintiffs were injured.

### Fifth Claim for Relief - (Against All Named Defendants)

1. 43. Paragraphs 1–42 are incorporated by reference.
2. 44. Upon information and belief, defendants' actions against plaintiff were racially motivated in his race and foreign national origin was used as a basis for the unlawful stop, search, arrest and prosecution. In the manner described herein, the defendants caused injuries to the plaintiff based on his race and national origin. Defendants' actions violated plaintiffs' rights to equal protection.
3. 45. In the manner described herein, the defendants caused injuries to the plaintiff by denying him due process of law.

### Sixth Claim for Relief – Assault and Battery (Against Police Defendants)

1. 46. Paragraphs 1–45 are incorporated by reference.
2. 47. In the manner described herein, the defendants deprived the plaintiff of her rights to be free from assault and battery. On the day of plaintiff's unlawful arrest, defendants police officers grabbed,

10

pushed and shoved plaintiffs and touched his possessions or properties without plaintiff's permission. As a result of defendants' actions, plaintiff suffered injuries and humiliation. By acting in the aforesaid manner, defendants deprived the plaintiffs of her rights to be free from assault and battery.

3. 48. WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for compensatory damages in excess of $10 million and exemplary damages in excess of $10 million, together with costs, interest and attorney fees.

### Seventh Claim for Relief - Infliction of Emotional Distress (Against All Named Defendants).

1. 49. Paragraphs 1- 48 are incorporated by reference.

2. 50. Defendants intentionally inflicted the acts alleged herein with malice and without any legal, economic, business or social justification or excuse and did so for the sole purpose of causing serious physical injuries or inconvenience, and causing plaintiff severe emotional distress and anguish.

3. 51. Defendants' actions were extreme and outrageous in that they exercised their powers as police officers in an abusive, retaliatory and discriminatory manner to attack plaintiff simply because he criticized the unlawful actions of Brown and Lawrence.

4. 52. Defendants abused the relationship of police officer and civilian. This relationship and position gave defendants the power to oppress plaintiffs and to cause physical and emotional harm to the plaintiffs with impunity. By falsifying evidence or "planting" evidence on the plaintiff, defendants engaged in outrageous and oppressive actions.

5. 53. WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in excess of $10 million and exemplary damages in excess of $10 million, together with costs, interest and attorney fees.

### Eighth Claim for Relief - (FALSE ARREST)(Against All Named Defendants)

11

1. 54. That the Plaintiff hereby incorporates by reference paragraphs 1 through 53 above as though fully set forth herein.

2. 55. That the defendants intended to restrict the Plaintiff's freedom of movement. The Plaintiff's freedom of movement was directly restricted by the acts of the defendants by illegally stopping, detaining and imprisoning the Plaintiff without reasonable suspicion or probable cause.

3. 56. That the Plaintiff was aware that his freedom of movement was restricted and suffered great humiliation, injury to reputation, emotional injuries, and damages as a result of being falsely arrested and detained.

4. 57. That the defendants have caused damages to the Plaintiff by their false arrest and detention of the Plaintiff, and Plaintiff is entitled to recover against the defendants for injuries, damages and losses proximately caused by their false arrest as set forth in this Complaint.

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this matter.
2. Issue a declaratory judgment that:
   a. The defendants have violated plaintiff's protected by the First Amendment to the United States Constitution;
   b. Defendants violated the plaintiff's right to be free from unreasonable search and seizure under the Fourth Amendment;.
1. Award plaintiff compensatory damages in an amount this Court shall consider to be just and fair;
2. Award plaintiff punitive damages in an amount this Court shall consider to be just and fair;
3. Attorney fees and the cost of this action pursuant to 42 U.S.C. Section 1988.

4. Such other relief as this Court shall consider to be fair and equitable.

### JURY DEMAND

The plaintiff **PAUL M. NGOBENI**, hereby demand a trial by jury as to all issues.

PLAINTIFF,

BY: *[signature]*
PAUL M. NGOBENI
Federal Bar No. Ct 08187
914 Main Street, Suite 206
East Hartford, CT 06108
(860) 288-3155

13