# United States District Court
# District of Massachusetts

| | |
|---|---|
| PAUL M. NGOBENI,<br>            PLAINTIFF,<br><br>v.<br><br>CHRISTOPHER M. BROWN, OFFICER TETREAULT, PAULA C. MEARA, MARCUS LAWRENCE M. DUMAS, HAMILTON WRAY, THOMAS HERVIEUX, KENNETH MURRAY,<br>            DEFENDANTS. | CIVIL ACTION NO.<br>3:04-CV-30167-MAP |

---

### ANSWER OF DEFENDANTS OFFICER TETRAULT, PAULA C. MEARA, MARCUS LAWRENCE M. DUMAS, HAMILTON WRAY, THOMAS HERVIEUX, KENNETH MURRAY

---

Now come the Defendants, **OFFICER TETRAULT, PAULA C. MEARA, MARCUS LAWRENCE M. DUMAS, HAMILTON WRAY, THOMAS HERVIEUX, KENNETH MURRAY**, by their attorney, and answer each and every allegation contained in the Plaintiff's Complaint as follows:

### I. PRELIMINARY STATEMENT

1. The Defendants deny the allegations contained in paragraph 1 of the complaint.

2. The Defendants deny the allegations contained in paragraph 2 of the complaint.

3. The Defendants deny the allegations contained in paragraph 3 of the complaint.

### II. JURISDICTION

4. The Defendants deny the allegations contained in paragraph 4 of the complaint.

46853

### III. PARTIES

5. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 5 of the Complaint.

6. The Defendants admit the allegations contained in paragraph 6 of the complaint.

7. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 7 of the complaint, but state that a Springfield Police Officer name Ronald Tetreault, who is now deceased, was employed at the time of this incident.

8. The Defendants admit the allegations contained in paragraph 8 of the complaint other than the allegations that defendant was "acting pursuant to official policy or custom, practice or usage", which they lack sufficient information to either admit or deny.

9. The Defendants admit the allegations contained in paragraph 9 of the complaint other than the allegations that defendant was "acting pursuant to official policy or custom, practice or usage", which they lack sufficient information to either admit or deny.

10. The Defendants admit the allegations contained in paragraph 10 of the complaint other than the allegations that defendant was "acting pursuant to official policy or custom, practice or usage", which they lack sufficient information to either admit or deny.

11. The Defendants admit the allegations contained in paragraph 11 of the complaint other than the allegations that defendant was "acting pursuant to official policy or custom, practice or usage", which they lack sufficient information to either admit or deny.

12. The Defendants admit the allegations contained in paragraph 12 of the complaint other than the allegations that defendant was "acting pursuant to official policy or custom, practice or usage", which they lack sufficient information to either admit or deny.

13. The Defendants admit the allegations contained in paragraph 13 of the complaint other

than the allegations that defendant was "acting pursuant to official policy or custom, practice or usage", which they lack sufficient information to either admit or deny.

## IV. FACTS

14. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 16 of the Complaint.

17. The Defendants deny the allegations contained in paragraph 17 of the complaint.

18. The Defendants deny the allegations contained in paragraph 18 of the complaint.

19. The Defendants deny the allegations contained in paragraph 19 of the complaint.

20. The Defendants deny the allegations contained in paragraph 20 of the complaint.

21. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 21 of the Complaint.

22. The Defendants deny the allegations contained in paragraph 22 of the complaint.

23. The Defendants deny the allegations contained in paragraph 23 of the complaint.

24. The Defendants deny the allegations contained in paragraph 24 of the complaint.

25. The Defendants deny the allegations contained in paragraph 25 of the complaint.

26. The Defendants deny the allegations contained in paragraph 26 of the complaint.

27. The Defendants deny the allegations contained in paragraph 27 of the complaint.

46853

## V. CLAIMS FOR RELIEF

### First Claim for Relief
### First Amendment
### (Against All Named Defendants)

28. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 27 of the complaint as if set forth herein.

29. The Defendants deny the allegations contained in paragraph 29 of the complaint.

30. The Defendants deny the allegations contained in paragraph 30 of the complaint.

31. The Defendants deny the allegations contained in paragraph 31 of the complaint.

32. The Defendants deny the allegations contained in paragraph 32 of the complaint.

### Second Claim For Relief
### False Arrest And Imprisonment
### (Against All Named Defendants)

33. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 32 of the complaint as if set forth herein.

34. The Defendants deny the allegations contained in paragraph 34 of the complaint.

### Third Claim For Relief
### Malicious Prosecution
### (Against All Named Defendants)

35. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 34 of the complaint as if set forth herein.

36. The Defendants deny the allegations contained in paragraph 36 of the complaint.

37. The Defendants deny the allegations contained in paragraph 37 of the complaint.

38. The Defendants deny the allegations contained in paragraph 38 of the complaint.

39. The Defendants deny the allegations contained in paragraph 39 of the complaint.

46853

### Fourth Claim for Relief
### 42 USC. Section 1983

40. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 39 of the complaint as if set forth herein.

41. The Defendants deny the allegations contained in paragraph 41 of the complaint.

42. The Defendants deny the allegations contained in paragraph 42 of the complaint.

### Fifth Claim for Relief
### (Against All Named Defendants)

43. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 42 of the complaint as if set forth herein.

44. The Defendants deny the allegations contained in paragraph 44 of the complaint.

45. The Defendants deny the allegations contained in paragraph 45 of the complaint.

### Sixth Claim for Relief
### Assault and Battery
### (Against Police Defendauts)

46. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 45 of the complaint as if set forth herein.

47. The Defendants deny the allegations contained in paragraph 47 of the complaint.

48. The Defendants deny the allegations contained in paragraph 48 of the complaint.

### Seventh Claim for Relief
### Infliction of Emotional Distress
### (Against All Named Defendants)

49. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 48 of the complaint as if set forth herein.

50. The Defendants deny the allegations contained in paragraph 50 of the complaint.

51. The Defendants deny the allegations contained in paragraph 51 of the complaint.

52. The Defendants deny the allegations contained in paragraph 52 of the complaint.

46853

53. The Defendants deny the allegations contained in paragraph 53 of the complaint.

## Eighth Claim for Relief
### (False Arrest)
### (Against All Named Defendants)

54. The Defendants repeat and reallege each and every response to the allegations contained in paragraphs 1 through 53 of the complaint as if set forth herein.

55. The Defendants deny the allegations contained in paragraph 55 of the complaint.

56. The Defendants deny the allegations contained in paragraph 56 of the complaint.

57. The Defendants deny the allegations contained in paragraph 57 of the complaint.

**VI PRAYER FOR RELIEF**

**WHEREFORE,** the Defendants respectfully request that this Court deny the relief requested, dismiss the complaint, issue a judgment in their favor, award their costs and attorneys fees and grant such other relief as this court shall consider just and equitable.

## JURY DEMAND

**DEFENDANTS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

**AFFIRMATIVE DEFENSES**

*FIRST DEFENSE*

The Court lacks jurisdiction over the subject matter of the Complaint.

*SECOND DEFENSE*

The Plaintiff failed to comply with the statutory requirements of M.G.L. chapter 258.

*THIRD DEFENSE*

The Complaint fails to state a claim upon which relief requested can be granted.

*FOURTH DEFENSE*

The Defendants, reserve the right to recover costs and attorneys fees in the event that the above

46853

action is found frivolous or in bad faith.

## FIFTH DEFENSE

The alleged actions of the Defendants were neither the proximate nor the actual cause of any damages suffered by the Plaintiff.

## SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §1983 against the Defendants as the conduct alleged in the Complaint does not involve any particular right arising under the United States Constitution but merely seeks vindication for alleged violations of state law.

## SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendants as the conduct did not amount to a reckless disregard or deliberate indifference to the civil rights of inhabitants within the City.

## EIGHTH DEFENSE

Claims against the Defendants are barred as the actions were reasonable and without malice.

## NINTH DEFENSE

The Defendants answer that at all times they acted reasonably, within the scope of official discretion and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on state or federal law question.

## TENTH DEFENSE

The Plaintiff is barred from recovery because this action has not been brought within the time specified by law.

46853

## ELEVENTH DEFENSE

The Plaintiff is collaterally estopped from recovery.

## TWELFTH DEFENSE

The Plaintiff is barred from recovery by *res judicata*.

## THIRTEENTH DEFENSE

Based on information and belief, the Defendant officer's actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent or motivation.

## FOURTEENTH DEFENSE

The Defendants are immune from liability

## FIFTEENTH DEFENSE

The complaint fails to state a claim upon which relief can be granted against the Defendants as liability cannot be imposed under 42 U.S.C. §1983 solely on the grounds of respondeat superior.

## SIXTEENTH DEFENSE

On information and belief, the actions of the defendant officer were within the realm of reasonable responses to the circumstances with which were confronted.

## SEVENTEENTH DEFENSE

The plaintiff cannot recover against the municipality, as the alleged actions of the public employees are exempt from the provisions of the Tort Claims Act under Chapter 258, section 10.

## EIGHTEENTH DEFENSE

The plaintiff's injuries and/or damages were caused by his own negligent acts or failure to act and therefore this action is barred by the provisions of Mass. General Laws, ch. 231, §85.

46853

WHEREFORE, the Defendants request this Honorable Court to enter judgment in their favor and award their costs.

                    Respectfully submitted,

                    Defendants
**OFFICER TETRAULT, PAULA C. MEARA, MARCUS LAWRENCE M. DUMAS, HAMILTON WRAY, THOMAS HERVIEUX, KENNETH MURRAY**
By Their Attorney

_____
Edward M. Pikula
Associate City Solicitor
BBO #399770
CITY OF SPRINGFIELD LAW DEPATMENT
36 Court Street
Springfield, Massachusetts 01103
Telephone:    (413) 787-6085
Telefax:    (413) 787-6173

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within Document was this day served upon Plaintiff by mailing same, first class postage prepaid, to:

PAUL M. NGOBENI
Federal Bar No. Ct 08187
914 Main Street, Suite 206
East Hartford, CT 06108
(860) 288-3155

SIGNED under the pains and penalties of perjury.
Dated: April 15, 2005

                    Edward M. Pikula, Esquire
                    Attorney for Defendants

46853