UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL M. NGOBENI<br>　　Plaintiff<br>vs.<br><br>CHRISTOPHER M. BROWN; Individually<br>And In His Official Capacity;<br>OFFICER TETREAULT; Individually And In His<br>Official Capacity; PAULA C. MEARA<br>Individually And In Her Official Capacity<br>as Police Chief; MARCUS LAWRENCE,<br>Individually And In His Official Capacity;<br>M. DUMAS; Individually And In His Official<br>Capacity; HAMILTON WRAY; Individually<br>And In His Official Capacity;<br>THOMAS HERVIEUX; Individually And In<br>His Official Capacity; KENNETH MURRAY<br>Individually And In His Official Capacity | ) CIVIL ACTION NO.<br>) 04-30167- MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) JUNE 28, 2005<br>) |

## VERIFIED RESPONSE AND MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

### 1.   STATEMENT OF FACTS

1. For the few weeks prior to June 2005 Plaintiff suffered disruption of his law office business including break-ins, pieces of mail that were not delivered at all or were delivered to wrong offices in the building complex. During April and May 2005, plaintiff was forced to undergo a major reorganization and relocation of his business to a new address and new phone number listed below. To the best of plaintiff's knowledge, notices of change of address were sent by plaintiff's assistants to all courts in which plaintiff appeared as counsel. A search of this Court's docket reveals that plaintiff's notice of change of address was not received or recorded. The plaintiff did not receive any notice from this Court regarding a scheduled pre-trial conference for

June 1, 2005, a day which plaintiff was on trial. At no time did the defendants contact the plaintiff to discuss the scheduling order as alleged in their Motion to Dismiss. The plaintiff's mail sent to the old address gets forwarded to the plaintiff's new address by the U.S. Postal Service and the first correspondence received by plaintiff from the defendants was their Motion To Dismiss dated June 7, 2005.

2. Despite the above issue, the plaintiff has complied with the scheduling order unilaterally submitted to the Court by defendants and has met the deadlines for the mandatory disclosures. Further, plaintiff is prepared to conduct discovery and to litigate this matter expeditiously and in strict compliance with the deadlines set forth in the said defendants-imposed scheduled. Defendants self-serving allegations regarding plaintiff's failure to "obey pretrial or scheduling order" are baseless and should be rejected as such. They have suffered no prejudice and in fact have an advantage in that plaintiff has now been forced to live with and accept a discovery schedule adopted by defendants without his input. Even more telling defendants have produced printouts from judicial web sites on the internet which list plaintiff's address and yet make no claim or allegation that they attempted to contact plaintiff by means other than the alleged one time phone call. The defendants have had plaintiff's **e-mail address** for over four(4) years as evidenced by numerous written correspondence to the defendants and FOIA requests which were on plaintiff's law firm letterhead and included plaintiff's e-mail address. The self-serving claim of total inability to reach plaintiff must be rejected as bogus.

## II. DEFENDANTS' MOTION DOES NOT MEET THE STANDARD OF RULE 41(B) AND RULE 16 (G) OF THE F.R.C.P.

As the First Circuit stated recently in Pomales v. Telefonica, *342 F.3d 44* (1st Cir. 2003), the authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R., 370 U.S. 626, 629 (1962). This power, which is of "ancient origin," id. at 630, is a necessary component of the authority and responsibility of the district courts to establish orderly processes and manage their calendars. Young v. Gordon, 330 F.3d 76, 81(1st Cir. 2003). Dismissal is but one of many sanctions available for these purposes. See Zavala-Santiago, 553 F.2d at 712 n. 1 (listing a variety of lesser sanctions including warnings, fines, and imposition of costs and fees).

Even so, the Court's discretion to dismiss a case for failure to prosecute **is not unfettered.** As the First Circuit has often recognized, the sanction of dismissal with prejudice for want of prosecution is a unique and awesome one, foreclosing forever the plaintiff's opportunity to obtain judicial redress. See Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 67 (1st Cir. 1999) (describing dismissal with prejudice for failure to prosecute as "drastic"); Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1075-76 (1st Cir. 1990) ("the most severe sanction"); Richman v. Gen. Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971) ("a harsh sanction"). Disposition on the merits is always favored. Ortiz-Anglada, 183 F.3d at 66. In Pomales, the Court

3

stated: "...while we do not doubt that district courts possess the power to order dismissal with prejudice in appropriate cases, "fairness requires that some limits be placed on its use." Velazquez-Rivera, 920 F.2d at 1076. Dismissal with prejudice for failure to prosecute is appropriate in the face of "*extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.*" Cosme-Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987); see *9 C. Wright & A. Miller, Federal Practice & Procedure § 2369* (2d ed. 1995)."

In Pomales, the District Court had announced a firm schedule for discovery and dispositive motions. By firing her first lawyer, refusing to allow him to act on her behalf while she searched for new counsel, failing to respond to defendants' interim requests for discovery, and failing to announce new counsel even as the deadline for dispositive motions approached, Pomales essentially ensured that neither party would meet the district court's deadlines — *deadlines the court had originally warned would not be altered*. Cf. Robson, 81 F.3d at 4 (repeated disobedience of a scheduling order is inherently prejudicial and may warrant dismissal)." The First Circuit held that "certainly the district court's frustration at this conduct is understandable, and sanctions of some form were plainly appropriate. Nevertheless, dismissal with prejudice was not appropriate in this case. Three considerations underlie this conclusion: (1) Pomales prosecuted her claims diligently until she fired her attorney; (2) the district court did not give Pomales fair warning of its inclination to employ so severe a sanction; and (3) the

4

four-month delay she caused did not alone constitute misconduct sufficiently extreme to justify dismissal with prejudice."

Defendants have not even had the audacity to suggest that plaintiff has purposely stalled the proceedings. The First Circuit in <u>Pomales</u> noted that plaintiff "reacted quickly and diligently to the court's dismissal of her claims, filing a pro se motion to alter the judgment on the very day she received notice of the court's action and later filing a counseled motion to set aside the judgment. See, <u>Ortiz-Anglada</u>, 183 F.3d at 67 (holding dismissal with prejudice improper and emphasizing that the plaintiff, who had no reason to suspect her case was at risk, "responded promptly to the unexpected dismissal with a motion to reconsider it"); <u>Cosme-Nieves</u>, 826 F.2d at 2 (holding dismissal with prejudice improper and noting that the plaintiffs "responded immediately to the only warning they received — the sua sponte dismissal — with a motion to the court"). Nor is there any hint of deliberate efforts by Pomales to delay the case or prejudice the defendants." The Court then made it clear that absent explicit warnings of impending dismissal, it was reversible error to dismiss the case. e.g., <u>Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor</u>, 312 F.3d 522, 526 (1st Cir. 2002) (protracted noncompliance with court orders, "in the teeth of explicit warnings," justified dismissal with prejudice). In the absence of any such warning, Pomales's misconduct was not sufficiently "extreme" to justify dismissal with prejudice. See <u>Velazquez-Rivera</u>, 920 F.2d at 1078 (emphasizing the lack of fair warning to the plaintiff in reversing district court's dismissal for failure to prosecute).

**WHEREFORE, plaintiff requests that the Defendants Motion be denied.**

PLAINTIFF,

BY: _____
PAUL M. NGOBENI
P.O. Box 380760
East Hartford, CT 06138-0760
Tel: (860) 568-7517-3155
Cell: (860) 794-6921
Email: ngobenilaw@hotmail.com

### VERIFICATION

I am over the age of 18 years and believe in the obligations of an oath.

I hereby state under penalty of perjury that the foregoing statement of facts is true to the best of my knowledge and belief.

_____
Paul M. Ngobeni

6

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served first class mail postage pre-paid on this 28th day of June 2005 to:

Edward M. Pikula, Esq
City of Springfield Law Department
36 Court Street
Springfield, MA 01103

Austin M. Joyce, Esq
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605

Sheila E. McGravy, Esq
Law Office of Timothy M. Burke
160 Gould Street, Suite 111
Needham, MA 02494

*[signature]*
Paul M. Ngobeni